# U.S. District Court.
## District of CONN                                Dec. 14, 2005

**Tyrone Grant. v. Dabrowski. Blue    3:02-cv-01270 (DJS)**

---

Plaintiff. Now moves the U.S. District Court. Asserting CONN Law. Allows for the reopening of any case where judgment procured by alleged Fraud] * *this motion filed to reopen case] Sec. 23-47 mandamus relief in aid of direct pending action the U.S. Marshal's office Rule 4. to serve [Lawful writs] *

* Alleged failure of U.S. Marshal to serve writ, summons] on defendant Dabrowski. is in question] the Marshal Return stated Dabrowski failed to appear] Rule 55] *

* default to be entered] Now Intentional Interference with the Due Process] is shown by Chief Clerk K. Rowe] where in his possession] is the writ] where failure is

* Clearly the intent] No Return writ to the Court in Hartford] Is A default] by clerk] proved

* Neglect within the statute] 116 CONN 29] Marshal office Burdellie] Former Marshal *

* Occurrer, K. Rowe] clerk] defendants] Are to be summoned to Dist. Court] by service * upon these persons] by a Rule to show cause why] writ not returned to Dist Court as alleged

* Pursuant to Sec 23-48] Order of mandamus relief sought. this motion is

* Addressed to the U.S. District Court] to which this action is Returnable] by Law **

* Plaintiff. Alleges he suffered irreparable harm [by default] Rule 55] has been filed timely the invocation of 18 USC 1503] states application of obstruction of justice] is properly]

* Asserted for the District Court to Afford this Relief to Ty-Grant as a matter *
of Law] A public duty owed by Rule 4] to Plaintiff] And intentionally] denied in default]

* Sec 23-50 Writs of Error Specific Error] in which precise matter of error in the proceeding in Dist. Court Plaintiff relied on as grounds for Relief. [268 CONN 541] *

Also case has failed to be tried on the merits] because of insufficient service by default * cannot be construed to mean good. complete and sufficient service of Process] by case Law

* A compelling Reason for District Court to change course] grant this relief *

the District Court At Hartford] Grant v. Dabrowski

3:02-CV-01270 DJS] Tyrone Grant Now Files A Motion to Reopen] *
* this Case Alleging this Judgment decision] procured by fraud obstruction of Justice]
* CONN Law Allows for the Reopening of this Case As A matter of Law] Now Asserted
* Which the Court takes Judicial Notice[citing] 326 F3d 63] 2d Cir.
Cause of Action] pursuant to 28 USCA. 1346] the Legal mechanism for Compensation
for Judges failure to Execute A lawful statute] 28 USCA 1738] with Incompetence 523 A6)
of Judiciary to Enforce] but for manefest disregard CONN 4 violation] of Law] Alleged
28 USCA 158 the Courts Jurisdiction depends] 1346] As cited In original Action
* Tyrone Grant files A motion for FRCiv Proc. Rule 55 default (A)(B) to be Entered *
Against defendant Dabrowski for failure to Appear] U.S. marshal Return
Is sufficient Evidence possessed by plaintiff. to sustain default] sum certain *
* 28 million dollars] the State CONN Comptroller Is to be Notified] the Court to Execute
pursuant to 28 USCA 1291] Now Filed by plaintiff. According to 28 USCA 1346] *
* A Compelling Reason for Reversal - the Court to Change Course In Interest of **
* Justice. Failure of officer] U.S. marshals Chief Clerk Kevin Rowe] Alleged proved
to Return the writ And summons to the Court] by law] And cited statute Is A default *
or Neglect within the statute] 116 CONN 29] Imputed to the [  ] In default. *
* Justifiable Reliance 18 USCA 1503] obstruction of Justice covers All Interferences *
with due Administration] of Justice] No matter what means] Employed Culpability still Applies
* Intentional Abuse of Judicial Process] by the Court officials Acting under Color of Law **
* the Court to Invoke Its Inherent power] by Law this statute Is Enforceble] 116 CONN 29] *
Findings of Bad Faith Conduct] As Alleged willful Abuse of Judicial Process] by chief clerk K Rowe]
[  ] conduct prejudicial to Administration of Justice] conduct prejudicial to Effective
Expedient Administration] of the Business] of the District Court of CONN Breach of the
public trust by chief Clerk] of the court] A complete Abdication of his Responsibility] As chief
* Clerk In CONN A state Law to it] Injuring Tyrone Grant In operation of Law] proved *

Tyrone Grant directly Notifies District Court Judge D. Squatrito, with preceedent settings] that directly compells him to Reverse] by Law] The Error of his decision] Grant v. Dabrowski filed 07/23/02] closed 12/17/02] Ty-Grant Notifies the Court with A complaint Against All defendants * where Rule is] 28 USCA] the discovery Rule tolls the Statute of limitations defense that the District court may use as a defense] to this Action *
* Vexious defense] ___ defense misconduct ___ EC7-27 Intentional Interference with due Administration of Justice] 18 USC 1503] obstruction of Justice * Alleged Agents of the State of Conn] Acting in A manner contrary] to the Expressed direction of Conn Laws] Officials of the Court Acting under color of Law] Violating the Law] * Officials of the U.S. District Court of New Haven] Exercised domination And control * where Alleged obstruction of Justice] And direct violation of A Federal due Process] Right has occurred] In Fact this State Action] Is of manegerial Nature] State Law tort Alleged * Pursuant to 28 USCA 1927] Monetairy sanctions 4 million dollars Is sought * to be paid directly to Ty-Grant] by U.S. District Atty] K. OCCONNER] conduct offended * the ~~~~~ Integrity of the U.S. District Courts in Conn] conduct unbecoming A member of the Fed. Bar] In defense of Dabrowski] he had A duty Not to Abuse the Judicial Process] Rule 3.1] Cited] And Legal Procedure] As Alleged] District Attorney * Office And K. Occonner] Is disqualifed And Barred From Now Representing Dabrowski * Which the District Court, And U.S. Court of Appeals takes Judicial Notice] 326 F3d 63,2d cir * the U.S. Attorney Gen. Office] Dept of Justice] Civil Rights Div. Dir tort Branch Is Notified * Sanction sought From Chief Clerk K. Rowe] U.S. Marshals Office Occonner] Chief Judge A. Dabrowski directly participated] In this Scheme to obstruct Justice Alleged Rule 11 Sanction] goal of deterence Punishment, compensation] 28 USCA 1654] Rule 2.5] District Court Involked] Amount Is Needed to deter persons] given their Financial Resources] From * the repetition of similiar Acts] And designed to make Ty-Grant] whole] Joint And several liability

U.S. COURT OF APPEALS 2nd CIR

Tyrone Grant v. Dobrowski Blue 03-7147-CV          Dec 14 2005

* Certification pursuant to Gen Stat. 52-265(A) this is a case of substantial public interest.
This case requires judicial reexamination] Chief Judge Walker notified *
The U.S. Attorney General, the tort branch Dir. of the Civil Right div. notified.
* Ty-Grant appellant, seeks reconsideration] the doctrine of unique circumstances*
excuses the untimelyness] Ty-Grant relied on the courts action] adverse results]
in error. Federal due process] rights have been violated by the Dist. Court officials
alleged inconn] Now pursuant to F.R.A.P. R.3.4] the court has overlooked alleged *
* this procedural due process] right. F.R.Civ.Proc. Rule 4] U.S. Marshal shall execute writs *
* this substantial issue] does indicate a deliberate indifference to legal obligation]
the first instant. Ty-Grant relied on the U.S. Marshal service to serve Dobrowski.
* the court at Hartford 3:02-cv-01270(DJS) improperly dismissal the case] in error] term commenced
to describe an initial action] that has failed to be tried on the merits] because of
insufficient service of process] (cannot) be construed to mean good complete and
sufficient service of process] 268 CONN 541] Justice demand reversal. Change of course*
* Failure of the Chief Clerk K. Rowe] to return] writ to the court at Hartford] alleged] proved*
is a default] or neglect within] the statute 116 CONN 29] Ty-Grant invokes bylaw*
18 USCA 1503 the states application of obstruction of justice] is to cover all interferences
with due administration of justice] as alleged the culpability] still applys] imputed to the *
[~~~~~~] In default] Rule 55] a motion for default] has been properly filed by law]
alleged Dobrowski failed to appear and defend. With the full knowledge] of suit from service of process
by U.S. Marshal] Ty-Grant with marshal return proof of service] is sufficient for Rule 55] default*
to be entered] by default Dobrowski has conceeded to allegations] of the adversary Ty-Grant
* a motion has been filed 28 USCA 1291 for the execution and retention] of sum certain] by default
28 million dollars] Conn Atty Gen] Conn Dist Atty K. O'Conner has been notified*
Oral argument required] judicial supervisor intervention needed

U.S. Attorney General. Hon. Gonzalas] Dept of Justice
Conn State Attorney General Hon. R. Blumenthal,
the U.S. Court of Appeals, Second Cir. Hon Chief Judge Walker.
the U.S. District Courts. In Conn] Judges. Covello. At Hartford Ct. Martinez
U.S. District Court A.H. Nevas] At Bridgeport. Judge H.B. Fitzsimmons,
US District Court Judges. Burns] Judge D. Barlington] Judge J.G. Margolis] New Haven

* Tyrone Grant files this written complaint to the U.S. District Court Judges. Regarding this case Grant v. Dabrowski # 302-CV 01270 (DJS) At Hartford.
* In the Interest of Fairness and Justice Demands this case to be closely monitored And Highly Scrutinized for Justice to be Rendered According to Conn Laws]
* This is a case of Substantial Public Interest] Gen Stat. 52-265(A) the Dept of Justice Now Has been Asked In writing to Intervein because Tt-Grant] Has Not gotten a Fair Trial *
* According to the Record. by the court of competent jurisdiction] this judgment
* Is Nondischargeable] 523 A(6) Within the Competency of the Judiciary to Enforce] by Law Dabrowski and Bine] Reversed A Valid State Court Judgment (outside) of Normal Appeals Process] 28 USC 1257] Violation of Rooker Feldman Ed Doctrine] 28 USC 1738] this judgment cannot] be set aside by the Bankr Court] by Law of Case] Bankr Act 17A(2) Sec 35 A(2) Excepted this debt from discharge *
* Two Controlling Preceedents] cited 192 BR 891] 825 F2d 692] 2nd Which the Court takes Judicial Notice] the Court cannot ignore Relevant Statutes or Rules of Bankr Court] In error he did 524(e) this Provision does not Allow Injunctions to Prevent liability] of third Party] In Reorganizations of Bankr Plan] 67 F3d 1394] 62 F3d 746] the Applicability Rule 8013] Proved *
* 1980 Judicial Conduct And disability Act does not sheild conduct evidenced by Judges Rulings]
* Want of Jurisdiction was known] by Dabrowski] Alleged No Excuse Is Permissible Judicial
* Immunity Is lost] Dabrowski and Bine sued Pursuant to 28 USCA 1346] Accordingly by Law] Alleged Dabrowski Compromised the Integrity of US Bankr Court And Its Process] the State Constitution Has been violated In error] without this Lawsuit State Action Is Hidden from Public Scrunity] Dabrowski And Court officials Had motive And direct Intent In default to obstruct Justice

the Allegation of federal due process violation by the federal
officials of Conn District Court at New Haven as tortious injury
to the federal due process right afforded by Rule 4 U.S. Marshal to serve
All Lawful Writs citing 771 A2d 1187 Protection by Procedural due process
✶ Intentionally violated to obstruct Justice which the Court takes Judicial notice
USCA Const. Amend 14, Const Art. 1, sec 1 Equal Protection of the Law Case And ✶
✶✶ Claim Has been Made a Prima Facie Case for default Rule 55 And obstruction of Justice
✶ Similar Situated Persons have been treated differently Const Art 14-Sec 1 Stated
CONCLUSION   Legal mechanism 28 USCA 1346 ✶ Judicial Notice
  common law doctrine one who knowingly
[213 FRD 138]   participates in or furthers a tortious act is jointly liable alleges
this is    to certify all parties notified this date of corrective action
the U.S. Court of Appeals Chief Judge Walker Notified for direct intervention
✶ the U.S. Atty Gen - the tort Branch D.R. Civil Rights Div. Notified for payment notice
✶ the Conn Atty Gen R. Blumenthal 55 Elm St Hartford Ct
✶ District Atty K. O'Conner 257 Church St 23 Fl New Haven Ct
✶ U.S. Marshal Bardellie Dist Court 141 Church St New Haven Ct 06511
✶ A. Dabrowski Bankr Court New Haven  D. Blue Superior Court New Haven ✶
    Conn Dist Atty - office          Conn Atty Gen office
✶ Certification Tyrone P. Sutton 191 Whalley Ave Suite 18 New Haven Ct 06511
Certificat of Service
Respectfully Submitted Sincerly I Remain Tyron P. Sut Dec 10 2005

✶ 109727-C.C.9 NH.CG 245 Whalley Ave New Haven Ct 06511
✶ the District Chief Clerk K. Rowe is Notified of the Allegation of misconduct
As obstruction of Justice Violation of federal state Law And Procedural Due Process Right
✶ U.S. Marshal office Notified to verify these facts in writing to U.S. Court of Appeals ✶
    tortious interference with the civil rights of Ty Grant

ST. OF CT., DEPT. OF CORRECTION

Zykone Grant 194727 CC9
NHCC 245 Whalley Ave
New Haven Ct 0651?

[Postage stamp: $00.37, DEC 20 2005, MAILED FROM ZIP CODE 06511]

U.S. District Court
450 Main St Hartford Ct. 0[...]

Legal Mail

THIS CORRESPONDENCE ORIGINATED
FROM AN INMATE AT A
CONNECTICUT CORRECTIONAL FACILITY

Judge
DJS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
        Tryrone Grant                            :
                                                 :
    vs.                                          : Civil No. 3:02cv1270 (DJS)
                                                 :
        Dombrowski                               :
                                                 :
                                                 :
-------------------------------------------------x
```

## ORDER RETURNING SUBMISSION

The Clerk has received your <u>Motion to Reopen</u> however, it is deficient in the area(s) checked below:

(NOTE: L.R. refers to the Local Rules, District of Connecticut)

1. _ L.R.5(b)    _ No certificate of service attached to pleading
                 _ Certificate of service fails to list names and addresses of all parties served
                 _ Certificate of service is not signed

2. _ L.R.5(d)    Failure to submit document under seal

3. ✔ L.R.10     ✔ Failure to sign pleading (original signature)
                 ✔ Failure to double space
                 _ Margin is not free of printed matter
                 _ Left hand margin is not one inch;
                 _ Judge's initials do not appear after the case number
                 _ Docket number is missing
                 _ Failure to supply federal bar number
                 _ Holes not punched in document

4. _ L.R.83.1(d)  Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

5. ✔ Other       <u>Document not in proper format</u>

The Clerk is hereby Ordered to ~~return~~ docket the above pleading and to notify counsel of such action.

Date: 12/28/05

                                                   _____
                                                   United States District Judge

(Bpd)

rev. 7/18/05