UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TYRONE P. GRANT | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3:02-CV-01270 (DJS) |
| | : | |
| v. | : | |
| | : | |
| HON. A. DABRAWSKI, ET AL. | : | |
|    *Defendants* | : | January 5, 2006 |

**DEFENDANTS' OPPOSITION TO UNTIMELY MOTION TO REOPEN**

In December 2002, this Court granted the defendant's motion to dismiss this action and entered judgment in his favor. The *pro se* plaintiff filed several motions seeking to avoid that judgment, which this Court denied, and the plaintiff ultimately appealed the judgment to the Second Circuit in January 2003. The Second Circuit affirmed this Court's judgment in December 2004. Now, in a motion dated December 14, 2005 but not entered on the docket until December 29, 2005, the plaintiff seeks to reopen the judgment, apparently alleging that it was "procured by fraud."

The plaintiff's motion is grossly untimely and without merit. Although the motion is putatively brought pursuant to Connecticut law, reopening is clearly a procedural matter governed by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 60(b)(3) governs motions to reopen based on fraud and expressly provides that such "motions must be made within a reasonable time . . . not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). The plaintiff's motion was brought well over a year after judgment was entered or the district court took any action and therefore must be denied. *See, e.g.*, *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (noting that one year limitations period is

2

absolute). Indeed, the motion was brought over a year after this Court's decision was affirmed on appeal, which makes it all the more clear that it must be denied.

Aside from the motion's extreme untimeliness, it lacks merit. A party seeking relief under Rule 60(b)(3) "bears a heavy burden . . . as the motion cannot be granted absent clear and convincing evidence of material misrepresentations...." *Speaks v. Donato*, 214 F.R.D. 69, 77-78 (D. Conn. 2003) (quotation marks omitted). The plaintiff's motion falls far short of meeting that heavy burden and must be denied on that basis as well.

## **CONCLUSION**

For the foregoing reasons, the below defendant respectfully requests that this Court deny the plaintiff's motion to reopen.

DEFENDANT

HON. J. BLUE

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert J. Deichert
Assistant Attorney General
Federal Bar Number CT24956
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5020
Fax: (860) 808-5347
Robert.Deichert@po.state.ct.us

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, this 5th day of January, 2006 to:

Tyrone P. Grant
Inmate # 109727
Connecticut Valley Hospital
PO Box 351, Silver Street
Battel 4 South
Middletown, CT 06457

Tyrone P. Grant
Inmate # 109727
New Haven Correctional Center
245 Whalley Ave.
New Haven, CT 06511

U.S. Court of Appeals
Office of the Clerk
U.S. Courthouse
Foley Square
New York, NY 10007

                                                              _____
                                                              Robert J. Deichert
                                                              Assistant Attorney General