UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TYRONE GRANT,** | : | 3:02CV1270 (DJS) |
| Plaintiff, | : | |
| -v- | : | |
| | : | |
| **JUDGE ALBERT S. DABROWSKI,** | : | |
| **JUDGE JON C. BLUE,** | : | |
| Defendants. | : | |

**ORDER**

Now pending before the court is pro se plaintiff Tyrone Grant's ("Grant") motion (dkt. # 26) to reopen. For the reasons that follow, Grant's motion is DENIED.

On December 10, 2002, this court dismissed Grant's lawsuit against Judge Albert S. Dabrowski ("Judge Dabrowski") and Judge Jon C. Blue ("Judge Blue"). The Court of Appeals for the Second Circuit affirmed this court's judgment on December 6, 2004. Grant now "moves the U.S. District Court asserting Conn [Connecticut] law [sic] allows for the reopening of any case where judgment [sic] procured by alleged fraud." (Dkt. # 26). In addition, Grant seeks mandamus relief pursuant to Section 23-47 of Connecticut's Rules of Superior Court. It appears that Grant believes that this court's judgment was procured by fraud because the U.S. Marshals obstructed justice by not properly serving defendant Dabrowski. (Dkt. # 26). The court further discerns that Grant asks "Marshal Office Bardellie [sic] Former Marshal Occoner [sic] K. Rowe Clerk [sic] defendants. . . [to] show cause why [sic] writ not returned to [sic] District Court. . ." (Dkt. # 26). Grant also asks the court to reopen the case and to direct the U.S. Marshals to serve a "writ, summons" on defendant Dabrowski. (Dkt. # 26).

The court will treat Grant's motion to reopen as one made pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") because "[t]he grounds and the procedure for

setting aside a federal judgment are entirely a matter of federal law. . . ."  11 Wright, et al., Federal Practice & Procedure: Civil § 2853 (2d ed. 1995) (observing that state law may be disregarded unless there are unusual circumstances in where there is a substantive right as a matter of state law to have a judgment reopened).

> Rule 60 reads,
>
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b).  This rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.  Supra, § 2851.  Final judgments, however, should not be lightly reopened.  Nemaizer v. Baker, 793 F. 2d 58, 61 (2d Cir. 1986).

Because Grant does not allege that an adverse party to the litigation committed the fraud, the court will construe Grant's motion as one filed under the catch-all provision of Rule 60(b)(6) instead of Rule 60(b)(3), which only applies to misconduct of an adverse party.  Rule 60(b)(6) authorizes courts to grant litigants relief from a final judgment for "any other reason justifying relief" if the motion to reopen is made within a "reasonable time."  Fed. R. Civ. P. 60(b)(6).

In considering whether a motion made pursuant to rule 60(b)(6) is timely, the particular circumstances of the case must be scrutinized and the interest in finality must be balanced against the reasons for delay.  See PRC Harris Inc., v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983) ("[b]ecause of the potentially broad scope of that provision, relief should only be granted where the moving party has demonstrated 'extraordinary circumstances' or 'extreme hardship'".).  See also Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979) ("[t]o prevail on a motion made pursuant to 60(b)(6) a party must demonstrate that there are extraordinary circumstances or extreme hardship that warrant relief from judgment).  Accordingly, "[t]here is a high burden for the movant to demonstrate good cause for the failure to act sooner."  Broadway v. New York, No. 96 Civ. 2798(RPP), 2003 WL 21209635, at *3, (S.D.N.Y. May 21, 2003).  This "heavy burden for securing relief from final judgments applies to pro se litigants as well as those who are represented by counsel." Id.

In the instant case plaintiff has failed to establish facts showing that his circumstances were sufficiently extraordinary to invoke relief under Rule 60(b)(6).  Plaintiff's motion to reopen, which was dated December 14, 2005 and entered on the docket December 29, 2005, comes more than a year after the Second Circuit affirmed this court's judgment and three years after this court dismissed all claims against Judge Dabrowski and Judge Blue .  Although Grant alleges that he has suffered "irreparable harm" and argues that the "doctrine of unique circumstances excuses the untimeliness," Grant has not satisfied even the most minimal standards for awarding relief.  He makes broad assertions that are not supported by specific facts and does not rely upon a cognizable legal theory.  Nor does Grant explain why he delayed filing his motion to reopen. Further, the tone and content of his motion suggest that his allegations are incoherent.  Thus,

Grant's motion to reopen is DENIED.

The court hereby enters the following orders:

1. Plaintiff's motion to reopen **(dkt. # 26) is DENIED.**

2. Plaintiff's pleading filed on January 27, 2006 **(dkt. # 29)**, which "requests this case be stayed until [sic] new judge appointed or issue resolved of court order for defendants to show cause why writ not returned to court in Hartford as required by Rule 4" is **DENIED as moot**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 8th day of February, 2006.

_____/s/DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**