(1)
24 Pages

# U.S. Court of Appeals
## Second Circuit        5/24/06

Tyrone Grant v. A. Dabrowski, D. Blue    04-1024-op.

* Appellant Files Emergency Motion En Banca. to Have Appeal Vacated - Case Remand - Appellant suffering Irreparrible harm

* Newly discovered Evidence the Court overlooked F.R.APP.R.3,4 Appellant Proceeding IN Forma Pauperi's. Rule 4(a) Rule 4(a)(2)(B) Exists * the District Court Abused Its discretion the Court of Appeals Affirmed

* IN Abuse of discretion the Record Clearly Established that Ty-Grant * demonstrated good cause for Failure to Effectuate Service of Process

* both Courts omitted From Its Analysis Any consideration of good faith * INcluding the fact that (Grant) Is Proceeding IN Forma Pauperi's Pursuant * to 28 USC 1915(d) the Efforts were made to Ensure Proper Service of Process and the Failures of the clerk K Rowe U.S. Marshal oversight Attributable *
* to the court And the Marshal Service R.4(d)(5) 28 USC 569(b) Compels Service of Process by Marshal 1948 New Service of Process Now sought the Court *
* failed to Recognize the Intentional concealment of Administrative Claim * And should be of the Firm conviction both Courts Abused Its discretion * In dismissing this Case Accordingly Reversal Vacation of Judgment *

## Oral Argument Requested

28 USC 1915(d) R.4(a) the Court Shall Issue All service of process I.F.P. Cases
* Strict Adherance to the Procedural Requirements specified by the Legislature Is the best guarantee of Even Handed Administration of Law. Mohasco v. Silver 447 U.S 807 82d 1980
* Alleged the Court Failed to heed that clear statutory command INJUSTICES Exist

*Judicial Notice CGSA 52-265(A) A Matter of Public Interest* D. Conn.
*Certified on Appeal to be Heard* (I.F.P.) Granted (Exists) — 02cv1270 Squatrito, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 12th day of October two thousand four,

Present:
    Hon. Pierre N. Leval,
    Hon. Robert A. Katzmann,
        *Circuit Judges,*
    Hon. J. Garvan Murtha*
        *District Judge.*



*In re* Tyrone P. Grant,
        Petitioner.                                04-1024-op

Petitioner, *pro se*, petitions this Court for a writ of mandamus. Petitioner has also filed a motion for leave to proceed *in forma pauperis*. Upon due consideration, it is ORDERED that leave to proceed *in forma pauperis* is granted for the purpose of permitting this petition for a writ of mandamus to be filed. It is further ORDERED that the writ of mandamus is denied. There are no extraordinary circumstances sufficient to justify the grant of mandamus relief. *See In re United States*, 733 F.2d 10, 13 (2d Cir. 1984).

*Judicial Notice Clerk Action is detrimental to terms, conditions of (I.F.P.) Granted Abuse of discretion the Courts has turned A striking blind eye

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By *Lucille Carr*
    Deputy Clerk

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation. Clerk K. Rowe Conceal Administrative Claim Filed by Tyrone Grant As Required 28 USC 2401(b)

ON Appeal Tyrone Grant Contends the District Court Abused Its discretion when It dismissed this case] sua spontan [In Error]

Equal protection of the law [claim] similar situated persons
* litigants have been treated differently] As A matter of Law]
* that the order dismissing the case should accordingly be Reversed*

the F.T.C.A specifices the liabilities of the U.S. Determined In Accordance with the law of Conn] 28 uscs 1346(b) the Court must
* Apply the law the State Courts would Apply] In the Analogous tort Action] Including federal law] citing Cuban v. U.S 728 F2d 68 (2d Cir 84) citing Richards v. U.S 359 U.S 1. 11-13 (62) this claim filed As Required 240(b)

the U.S. Court of Appeals. In Error Affirmed Dist Court ruling Plaintiff with (NO) Alternative Remedy proceeded Rule 55(B) default]
* the Court of Appeals In Error Abused It discretion Ignored fed Rule of Civ Pro.c Rule 4(D) 4(C)(2) 28 uscs 1915(C) Rule of Court **
* Clearly Plaintiff Proceeding In Forma Pauperis] F.R. APP. 3 [4 the Appeals Court turned A blind Eye on the Entire matter Abuse of discretion Proved]
* Now Plaintiff with Newly discovered Evidence] In support of his Cause of Action
* Required Reversal of the Entire R decision And Remand Case With Instruction 28 usc 1448] New service of process of U.S. Atty Gen.
* Administrative claim properly] Served upon United States As Required

Alleged clear material misrepresentation by clerk-U.S. Marshal that Administrative claim filed when In fact It had Not] Plaintiff Action As
* A matter of State Law Is to be Reopened And Accordingly to Proceed*

21 Pages

# U.S. District Court
## District of Conn          5.24.06

Tyrone Grant, v. A Dubranski, J. Bine  3:02-cv-01270(DJS)

Plaintiff moves the Court for Reconsideration] Motion filed for Relief from a Final Judgment pursuant to Rule 60(b)(6).

① (I.F.P) In forma Pauperis Granted Oct. 12, 0 ] the Court takes Judicial Notice] 326 F3d 63 [2d Cir] Alleged Exceptional Circumstances] T-Grant had a Right] a Substantive Right as a matter of State Law] to files his Administrative Complaint] And Claim for money damages Against the United States] Specifically Atty-Gen. Office of tort Branch or Administrative office of the Courts] As Required 28 USCA 1346] 2672] 2675(A) 2671 Et seq] 2401(b) but for fraud] this claim is timely filed] The Court is obligated to Issue Plaintiff Process] Clerk K. Rowe] had Intent b/fraud] Fraudulent concealment] Obstruction of Justice] Prevented the U.S. Marshall from effecting serve of Process] on the Dept of Justice tort Branch] a fixed purpose to conceal the wrong] misrepresentation of a material fact the officers of the Court Shall Issue and serve All Process] and perform All duties] In Such Case] 28 USC 1915(b)] This District Court can not disregard Rule (4)(b) F.R.Civ.Proc. And Rules of this Court] Specifically] I.F.P as Granted this Dist. Court had a direct duty] to In the First Instant to make a discretionary Finding of whether Plaintiff established good cause] insufficient service of Process] United States Not served as Required] As a matter of Law

\* Clerk Action Is Consider [Adverse Action] Attributable to United States]
the Dir. Administrative office of the
U.S. Courts will be Notified
the chief clerk, K. Rowe, Dist court at New Haven
Abused Judicial Process] Abuse any of Entire Range of Process]
Specifically Rule (4) United States to be served (Atty-Gen.)
Incident to litigation is Alleged Improper Intent was
Clerk Primary Intent motivation] [Imputed to united states]
defendant took Action] that can not be logically Explained] without
\* Reference to Improper motive] In bad faith clerk conduct] Is Alleged
to be contrary to Public Policy] And detriment of Tyrone Grant
Rights to Persue litigation] Where these Rights were
\* Granted oct 12 01 by Dist court At New Haven Substantive Rights
I.F.P In Forma Pauperis] 28 USC 1915 (C) Clerk K Rowe
denied Tyrone Grant this Right] to file this Administrative
Claim Sum certain 28 million 28 USC 1346] 2672]
\* Affidavit made In connection with this Administrative claim
made under penalty of Perjury to be the truth this date
5.24.06 Sincerly I Remain Tyrone Grant
Certificate of service Tyrone Grant 191 Whalley Ave Sn. 4E18 / New Haven Ct
Action that detrimentally Affected terms condition or Priviledge of I.F.P Granted \*

○ Alleged violation of due process [Arbitrary state action] lacking rational justification Threshold issue [complaint of insufficient defective service of process] And improper venue ] 7x-Grant Granted (I.F.P.) by court]

✳ Oct 12, 01 to proceed In forma pauperis ] the ■ the court shall issue and serve all process and perform all duties] 28 USC 1915(c) Alleged officials of the court failed to fullfill these duties/alleged

✳ I argue that my failure to effect service on United States Atty Gen was a procedural default by the clerk K. Rowe And U.S. Marshal ✳ proved

✳ Sua sponte should not be the provided basis of the District court dismisal of my complaint ] 7x-Grant entitled to rely on U.S. marshal] service] ✳ the his marshal failed to do so] the clerk filed the action In U.S. District Court Grant. v. Dabrowski 301cv1754[AHN] Oct. 12,01] At ✳

✳ Bridgeport Improper venue in the first instant ] Procedural default ✳

✳ The court has failed has failed to perform the duties] Required of each of them] under 28 USC 1915(c) Rule(4) F.R.Civ. Proc. 902 F2d 598] good cause ✳ shown allege] Elements of fraud Rule 60(b) for purposes of 28 USC 1361]

✳ Mandamus [28 USC 1448] new service of process] 28 USC 569(b) compell services]

✳ Maneserial in nature] the chief clerk had control over this defective process] And court proceeding alleged] the court owed a duty of good faith analysis] by Law ✳

✳ the officer of the court prepetrated fraud on plaintiff and Dept of Justice] that impaired both the Agency] And the court ability] to perform its impartial task of adjudging this Administrative claim] for sum certain 28 million dollars] clerk had fraudulent intent which connotes] knowledge reckless disregard F.R.Civ. Proc. R.4] As alleged

✳ the Dist court And court of Appeal will take judicial notice] equal protection] ✳

TYRONE Grant Plaintiff Rule 60(b) motion does Alert the District Court And the U.S. Court of Appeals] of the Substantial fact of defective Service of Process] A prima facie case]*

(1) 28 USC 1361 Mandamus Review] compell the Court to Review the Service Requirements of Rule 4(I) Including Rule 4(I)(2)(B) governing Individual capacity suits] (2) the Court Is to protect plaintiff Rights] by directing the clerk. And U.S. marshal] to serv the U.S. Attorney] and the Attorney Generals In the manner called for by Rule (4)(I) (3) the Court Is Requested to Enter An order stating that Ty-Grant Amended complaint *Standard form 95 shall be deemed As served upon defendants] 28 USCS 1448] citing 25F2d 257] this case cannot be dismissed] Rule (4)(C)(2)(B) *Requires U.S. marshal to serve summons] 28 USC 569(b) compells U.S. marshal to execute All Lawful writs] summons] /A detrimental Reliance] default Alleged *  28 USC 1361 provides for Review] of underlined Fed. personel Action] 970 F2d 854] *the Record clearly Establishes that Ty-Grant demonstrated good cause] * for the failure to Effectuate service of process on the Dept of Justice the *Tort branch Director.] Administative Agency of the Courts] to Address] this claim yet the District At Bridgeport] 1754 AHN] At Hartford 302 CV 1270 DJS] court Omitted from Its Analysis Any conserderation] of good faith In Error] Alleged *Including the fact the Ty-Grant Is proceeding In forma pauperis pursuant to 28 USC 1915(d) the efforts of Grant] made to ensure] proper service] and the *Failures, or oversights Attributable to the Court] and clerk And Marshal Alleged In Failing to Recognize the deficiencies] In the Service of process] the Court And U.S. Court of Appeals] can be firmly convinced that the District Court] Abused* Its discretion In dismissing this case] the court can take Judicial notice]

③ Plain Statement ①

District Court Chief Judge Chatney] Is being Notified this Alleged scheme by chief clerk K Rowe] U.S. Marshal] Constituted state Action] that Violated plaintiff. Rights secured by the Constitution] Federal And state statutes] 52-265] Substantial Public Interest.

✹✹✹    ✹✹✹

Plaintiff's Arguments Allege the Scheme] Was In Exercise Of A Judicial Function] I.E.] that was Essential to conduct of Public Business] Conduct Prejudicial to effective efficient conduct of the Administration of the business of the clerk office] And conduct Prejudicial to Business] of the U.S. District court IN CONN] Which the court takes judicial Notice] the clerks Action Is Imputed to the United States] Clerks Affirm Concealment fraud misrepresentation] Or deception] Induced plaintiff. concealed his claim from the tort Branch Dir.- Dir of Administrative office of U.S. Courts] the District Court Is Estopped from Asserting A statute of limitation defense under CONN Law And Federal Law] fraudulent concealment by the clerk Preserves Otherwise] time Barred claims] factors✶ precluded claim being filed✶ statute of limitations did not begin to Run] until Wrongful conduct was terminated Allegation were sufficients to show Action taken by (clerk) Constituted state Action] Element for fraud] by Court] on plaintiff for purpose of Vacating dismissal sua sponte] Are that officer of court perpetrated fraud] that Impaired courts Ability] to perform Its Impartial task of Adjudging this case] clerk Intent was fraudulent] which connotes] Either knowledge Including Reckless disregard or falsity or Intentional omission of material Information] Alleged plaintiff has suffered Economic loss [concealment of claim for money damages] the District Court owed A duty under R.u(12)(b) of good faith Inquiry to determine If Proper service of Process] Existed under Informa Pauperis U.S.S. Alleged. ✶District Court ordinarily Should [Not] Raise A stat of limitation Defense] sua sponte F.R.civ.p.(8)(C) 28 U.S.C.

show good cause for the failure "the court shall extend the time for service for an appropriate period." *Id.* The plaintiff bears the burden of establishing good cause for the failure. *Habib*, 15 F.3d at 73. Because the determination of good cause is a discretionary determination entrusted to the district court, we may not simply substitute our own judgment for that court's. In this case, however, the district court failed to undertake any good faith analysis at all. Because the district court did not exercise its discretion, it is left to this court to determine whether Abel showed good cause excusing his failure to timely serve the complaint.

When an individual is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d).

FED. R. CIV. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

Abel's complaint clearly identified the six individual defendants, clearly indicated that they were being sued in their individual capacities, and identified the location of the FBI office where they were working at all times relevant to the complaint. In accordance with § 1915(c) and Rule 4(c)(2), the district court forwarded Abel's paperwork to the Marshals Service for service of process.

In *Byrd* we held that the plaintiff had demonstrated good cause for failure to timely serve the defendants where the clerk's office failed to issue plaintiff's summons and failed to appoint a United States Marshal to serve the summons. 94 F.3d at 220. "[T]he clerk's office and the Marshals Service were plainly derelict in performing their assigned tasks with respect to plaintiff's original complaint. Worse, the Marshals Service incorrectly informed plaintiff that it was taking care of the service of his summons when, in fact, no summons was issued at all." *Id.* We held that "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause under FED. R. CIV. P. 4." *Id. See also Olsen v. *252 Mapes*, 333 F.3d 1199, 1204-05 (10th Cir.2003) To view preceding link please click here (holding that *in forma pauperis* plaintiffs were not culpable for failure to timely serve where there was no evidence that they failed to cooperate with the Marshals Service); *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir.1992) (holding that *in forma pauperis* plaintiff "should not be penalized for failure to effect service where it failed through no fault of his own."); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) ("a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.").

The defendants contend that this case is distinguishable from *Byrd* because the Marshals Service made no misrepresentations to Abel regarding service. Moreover, the defendants assert that even though the Marshals Service was required to serve process on behalf of Abel, Abel was not totally divested of his own responsibilities under Rule 4(c)(1) to effect service of process. They contend that because Abel was aware that the defendants had not been properly served, it was incumbent on him either to request the Marshals Service to properly serve the defendants by hand delivery, or to request the court to order the Marshals Service to properly serve the defendants individually. Instead, they contend, he sat idly by. In this respect, the defendants contend that this case is more like *Rochon* than *Byrd*.

The Fifth Circuit held in *Rochon* that although an incarcerated plaintiff proceeding *in forma pauperis* may rely on service by the U.S. Marshals, he "may not remain silent and do nothing to effectuate such service." *Id.* At a minimum, he should "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* The court faulted the plaintiff in *Rochon* for failing to request that the Marshals Service properly serve the appropriate defendant after the court

© 2005 Thomson/West. No claim to original U.S. Govt. works.

[Handwritten annotations in margins:]
- Independent Factor Identified
- The clerk - US Marshal Action Violated Due Process Clause [Arbitrary Act] It Lacks Any Rational Justification Alleged
- Dist court ordinarily should not raise statute of limitation defense sua sponte FRCiv.Proc (sic)
- Judicial Notice Newly discovered Evidence Not Reasonably discovered At the time of the Appeal F.R.App.R. 3, 4
- Defendants motion to dismiss Is moot to be vacated. Remanded

⑤ Plain Statement ② This Is A matter of Public Interest
** Plaintiff Entitled to Equal Protection from the District Court by Law **
TYRONE Grant Demonstrate A Lack of opportunity to Present his F.T.C.A. 28 USCA 1346] Filed oct 12-01 to the U.S. Attorney Gen. civil div. tort Branch DiR. A factor Independant of Actions of the opposing Party the chief clerk K. Rowe And U.S. marshal O'CORNER failed to serve the United states this factor Identified.

AS A matter of Law the District [should not] And cannot Raise A Statute of limitation defense Sua Sponte Fed. Rules civ proc R 8(c) 28 USCA. [When clearly Plaintiff Relying on U.S. marshal to serve United states] Conn Law Allows For ANY Judgment obtained through Fraudulent means to be opened At ANY time Fed Rule civ proc Rule 60(6)

Alleged Having Provided the Necessary Information] to help Effectuate Service of Process of the United States] Plaintiff should Not be Panlized * * by Having his Action Dismissed For Failure to Effect Service] Where the U.S marshal or the Court [has Intentionally] Failed to Perform the duties Required of Each of them under 28 USC 1915(C) and Rule (4) Fed. Rule of civil. proc. Automatically good cause Shown] 902 F2d 598]

* Marshal Failure to Effect Service of Process] For Informa Pauperis Plaintiff * 28 USCA 1361] distinct statement Prayer For Relief] Natur Mandamus] In Aid of Pending Action] 28 USC 1402] New Service of Process] Show cause why he should * * Not Perform A Positive Act] Show A Special Injury] From Failure to perform (I.F.P) the Clerk And U.S. marshal Are Charged with the duty to Serve the United States] this duty sought to be Enforced Is A duty Is one owed to general Public by (I.F.P.) to compel this duty] Service of Process] there Is (NO) other Adequate Remedy] Alleged

*(6) NO good Faith Analisy] Clearly Abuse of discretion] dismising case*

## DUMAGUIN v. SECRETARY OF HEALTH AND HUMAN SERVICES 1221
Cite as 28 F.3d 1218 (D.C. Cir. 1994)

guardian repeating the Government's refusal to waive the personal service requirement of Rule 4(d)(4) and stating its intent to move to dismiss Love Dumaguin's complaint if she failed to personally serve it by November 9, 1989. J.A. at 56–57. On November 7, 1989, Ganuelas again filed a request for service by the United States Marshal in district court. In response, the clerk of court informed Ganuelas that he (Ganuelas) could not represent Love Dumaguin because he was not a member of the bar of the United States District Court for the Central District of California. J.A. at 198.

On November 13, 1989, the Secretary moved to dismiss Love Dumaguin's complaint for insufficient service of process and improper venue. On November 14, 1989, the district court granted the Secretary's motion and transferred the case to the United States District Court for the District of Columbia under 42 U.S.C. § 405(g).[3] After the case was transferred, the office of the United States Attorney for the District of Columbia notified Love Dumaguin that her service of process was insufficient. On May 20, 1991, Love Dumaguin again requested that the United States Marshal serve process on the United States Attorney, the Attorney General and the Secretary. J.A. at 63. On May 21, 1991, the Secretary filed a motion to dismiss or in the alternative for judgment of affirmance based both on Love Dumaguin's failure to personally serve the United States Attorney and on her failure to satisfy the requirements of 42 U.S.C. § 402(t)(11)(C)(ii). J.A. at 77–85. The district court granted the Secretary's motion to dismiss. We affirm.

### II.

[1] Love Dumaguin first argues that her failure to effect service of process as required by Federal Rule of Civil Procedure 4(d)(4) should not provide the basis of the district court's dismissal of her complaint because she was entitled to rely on the United States Marshal Service to effectuate service of process. We agree. When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties." 28 U.S.C. § 1915(c). Ganuelas repeatedly requested the United States Marshal to serve the United States. He failed to do so. Accordingly, good cause existed under Federal Rule of Civil Procedure 4(j)[4] to excuse her failure to personally serve the United States Attorney. *See Puett v. Blanford,* 912 F.2d 270, 275 (9th Cir.1990) ("[H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir.1990) (Marshal's failure to effect service of process for *in forma pauperis* plaintiff is "automatically good cause" within Rule 4(j)).

### III.

[2] We next address Love Dumaguin's equal protection challenge to 42 U.S.C. § 402(t)(11)(C)(ii). As a threshold matter, we reject the Government's contention that Love Dumaguin lacks standing to challenge the section's constitutionality because the court cannot grant the relief she seeks— payment of child insurance benefits under

---

3. Section 405(g) provides that an action contesting the Secretary's denial of benefits:

    [S]hall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.
    42 U.S.C. § 405(g).

4. Before its amendment in December 1993, Federal Rule of Civil Procedure 4(j) provided:

    If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required *cannot show good cause why such service was not made in that period,* the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
    Fed.R.Civ.P. 4(j) (emphasis added).

---

*[Judicial Notice] the clerk-us marshal acts] violated the due process]*
*Clause In Manefest Patently Arbitrary Action] lacking In Rational Justification]*

*[margin right]: the Clerk- And U.S. Marshal proceeded Under law] Intended this claim] Filed In In Forum of Improper Venue] [Administrative Claim for Sum Certain] by Frane (Ganielas)]*

(7) the U.S Marshal has made Intentional misRepresentations Regarding the effectuated service of process] on the Atty-Gen, tort Dir. Plaintiff Alleging Chief Clerk fraudulent concealment of my cause of action violated the open Court provision] violated my constitutional rights secured by the Constitution] State-federal statutes] under both federal And Conn law fraudulent concealment Preserves this Claim] Affirmative Concealment] Contrary to 28 usc 1915(d) misrepresentation deception] by Clerk Induced Plaintiff to by Fraud is estopped from Asserting Statute of limitation] 28 usc 2401(b) Statutes of limitation Is tolled by Acts of concealment] by the clerk* The Director of Administrative office of the Court] Is Notified Properly] this Information should Have been conveyed by the District Attorney] the U.S. Is A collective Entity] this Knowledge Is fairly Imputed As A matter of Law to the government Agency] the U.S Attorney Is the Representative Not An Ordinary party to A Controversey but of A Sovereignty whose obligation to govern Impartially Is As Compelling] As Its obligation to govern At All] these Interest therefore Is Not that I Shall Win A Case] but that Justice Shall be done] Berger V U.S 295 US 78 88 55 Sct 629 633 79 LEd 1314 (1935) breach of duty] this Judgment Accordingly to be vacated And Remanded. the Plaintiff Filed his Administrative claim] Concealed prevented Any substantial progress *the suit Need (Not) be Refiled to be effective 581 F2d 1098] 534 Fsupp 762 Cited *Rule 15(c) *Plaintiff Argument 28 C.F.R 14.3(b) Implementing 28 usc (2675) this Claim* Is presented by Ty-Srant] For Personal Injury by defendants] the Clerk Action fraudulent concealment] Acted As A Procedural Roadblock] As Alleged It denied the fair Settlement] which Is A Procedural default] by the U.S.

U.S Marshal Made Misrepresentation] that tort Branch DiR Was served

## U.S Court of Appeals takes Judicial Notice

Abuse of discretion] by District court] At Hatford (Issue) 28 USC 1915(c)
Mandamus 28 USCA 1367] Filed to compel clerk, U.S Marshal
Employee of the United States] to perform A duty] by 1915(c) R(4)
Plaintiff has A clear Right to Beleif] Service of process] Where I.F.P. Granted
Defendant has A clear duty to perform Act IN question] Plaintiff
Has No Adequate Alternative Remedy 695 F2d 390] clear misrepresentation]
14th Amend due Process Clause Is to Ensure] that J.F.P service of process]
Fed. State Created Right] Is Not Arbitrarily Abrogated by clerk And U.S Marshal
Failure of clerk K. Rowe U.S. Marshal to Accomplish their Respective
duties to serve Summons complaint Administrative] 28 USCA 1346](b)(i)
2675(A) 28 CFR 14,2) Standard Form 95] Form 1145] DiR tort Branch
U.S Dept of Justice Washington DC 20530] In certain 28 million
For Plaintiff proceeding IN Forma Pauperis] constitutes A showing of good
Cause under Fed. R. Civ P.(4) 333 F3d 1199] Plaintiff Not culpable for
Neglect default] by clerk u.s Marshal service] to timely serve Dept of Justice
tort Branch with the Administrative claim] constituting tortious INJury
to Plaintiff Civil litigation] Right] granted by I.F.P. to proper service of process
Plaintiff Attempt to make INcident Report Another communication were
INfact Asserted to the Agency] but fraudulently concealed withheld by clerk
destroyed My cause of Action] these communications were Asserted to have
Satisfied the Requirement of claims for Money damages] IN Sum certain (2672)
28 USCA 1346(b)(i) 2675(A) 28 CFR 14.2 A demand for New service of process
28 USCS 1448]