Plain Statement ① the Clerk Action Detrimental Alleged

U.S. District Court of Conn Chief Judge Chatney Ask to directely Interven] citing Abuse of discretion] by Judge D. SQUATM

① the Dist. Court granted plaintiff. (I.F.P.) the officers of the court shall Issue and serve All Process] and perform All duties IN such case 28 USC 1915(d)

② the District Court Failed to undertake ANY good Faith Analysis At All] why shows Abuse of discretion] IN Error to dismiss case SuA SPonta.] Alleged

③ the determination of good cause IS A discretionary determination] ✱ Entrusted to the District Court] Rule 4(m) IS IN Applicable] good cause Existed✱

④ the Utter Failure by clerk And U.S. Marshal to Accomplish their duties] to Issue And serve Process] For plaintiff Proceeding IN forma Pauperis constitutes A showing of good cause under Fed. R. Civ. P(4) [333 F3d 1199] cited
this Court IS Compelled to Reverse this Judgment made IN Error] Now Proka

⑤ A Plaintiff Proceeding IN Forma Pauperis IS Entitled to Rely upon] the service by the U.S. Marshal And should Not be Penalized For Failure of the marshal service to Properly] Effect service of Process] Where such ✱ Failure Is through No Fault of litigant Tyrone Grant] Judicial Notice✱
828 F2d 1107   94 F3d 220   the clerk, U.S. marshal Concealed the Negligent Act

⑥ Abuse of discretion] timely service of Process] Intented by clerk of the court 15 F3d 72] the Court Has Relied on clearly] Erroneous Finding of Facts] SuA SPontaN It has Improperly Applied the Law] Alleged And Proved ✱ Court takes Judicial Notice✱ OR when It uses AN Erroneous Legal Standard 316 F3d 584] 59 F3d 608]
Abuse of discretion Is defined As A definite And firm Conviction the Dist Court Committed A clear Error of Judgment] 925 F2d 970] Alleged fraudulent Concealment
✱ Mandamus Relief Justified 722 F2d 1015 cir 1984 Extraordinary Circumstances ✱

⑩ Plain Statement ② [Independant Factor Identified] R.4()

District Court Chief Judge, Hon. Chatney to be Notified

District Court at Bridge Port, (AHN) Judge Nevans 301CV754(AHN)

District Court at Hartford (DJS) Judge Squatrito 302CV1270(DJS)

① the 14th Amend due process] clause to Insure that the State And Federal substantive Right of Ty-Grant] Created by the (I.F.P.) 28 USC 1915(b) Is (Not) Arbitrarily] Abrogated by the Chief Clerk] K. Rowe And U.S. Marshal] Alleged

② Alleged Fraudulent Misrepresentation of A Material fact] In Violation of duty 18 USCA 1506-2071] See U.S Marshal Return Proof of Process] 302CV1270(DJS)

③ Allegation of Fraudulent Concealment] Clerk Intentionally Concealed this material fact that Clerk] had A duty to Serve the Summons] On the United States] for the Purpose of Committing Fraud upon Plaintiff Concealing this cause of Action Preventing this Administrative claim] for money damages from Being Process Tyrone Grant Unaware of fact tort Branch Dir. Had Not Recieved Claim which If I Had Known] I would have Acted differently] I suffered damages Because of the Fraudulent Concealment] And Misrepresentation by the Clerk]

28 USC 2671 Et seq] F.T.C.A Suit may Not be Instituted until A claimant has First Presented his claim to the Appropriate Fed. Agency] Clerk obstructed this opportunity] the United States Agency] has Either denied the claim or has failed to Act upon It for Sixth month] 2675] The Court In Error

※ Has Kept this Case on the docket Improperly] then dismissing It

※ Case Law the District Court owed A duty to Plaintiff Citing 900 F2d 1045

the Representation of the Clerk] was Calculated to Mislead Plaintiff the defendants] United States] cannot be permitted to Avoid Liability] for Its Action by deceitfully Concealing wrongdoings] until statutes of limitation has Run Sua Sponten dismissal] until Concealment ends] the wrongful Acts by Clerk Continues

The Court takes Judicial Notice In the Interest of Justice] Reconsideration Justifie

※ 28 USC 1361 Mandamus Issued Against officer of the United States] 695 F2d 390

(1) Writ of Mandamus Relief 28 USCS 1361] this Action Returnable to Court this Motion Addressed Dist Court to which this Action is Returnable (2) Judge Dominic J. Squatrito Abused his discretion Knowingly Intentionally Injuring 7Y-Grant In Operation of Law Intent to Cover up] Insufficient Service of Process] to Protect Dabrowski Issue Chief Judge Dabrowski Not Properly served] Defendants Including this District Court] Are Equitably Estopped From denying this Relief. the Court Abused Its discretion] Were defense order of Sua Sponte by District Court In Error this Judgment IS Void. the Clerk K Rowe And U.S Marshal Failure to Accomplish the task IS Automatically good Cause With In Meaning of Rule (4)(s) Cited 807 F2d 309 [2d Cir 1986] this Court takes Judicial Notices this Case Was Improperly dismissed F.R.Civ Proc R.4 (b) 28 USCA Const Amend(5) Obstruction of this Administrative Claim] Sum Certain] by Insufficient Serves of Process] Failure to Effectuate service of Process] prohibited claim filed Resulted by fraud] A failure to Exhaust Administrative Remedy] 2672] Dept of Justice This was A direct Intended Act by officer of the District Court] As Alleged the Court takes Judicial Notice] Plaintiff demonstrated Extraordinary Circumstances 605 F2d 648 (2d Cir 1979) [As Alleged Court Personel Knowingly Committed Fraud by filing A Complaint And Claim for money damage Sum Certain] the Statute of Limitation IS Satisfied Even though the defendant does (Not) get service Immediately West v Conrail 481 U.S. 35. 107. S. Ct 1538 95 LEd 2d 32 (1987) Rule 4(j) Allows Whatever time beyond 120 days good Cause Required by F.R.Civ Pro 6(6) Floyd V. United States] 900 F2d 1045 [Court takes Judicial Notice 7Y-Grant Alleges this Judgement Procured by fraud] Officials of this Court participated In fraud Obstruction of Justice Violation of Const. Rights] Violation of due Process

* Fraud As Alleged Has been discovered by 7X-Grant None the less No Justice Has been Carried out (3) by Court officials] Dist Court Chief Judge Notified
Court officials Inexplicable Neglect. Default] by Rule (4)(5) disRegard A conscious disRegard] OF Rule (4)(5) the direct Intent. to Ignore the court mandate As Provided by 28 USCA 1915(d) Exists

* I.F.P. Granted Oct 12 01] Dist Court At New Haven] to Plaintiff 7X-Grant this conscious disRegard for the substantive Rights of 7X-Grant by [I.F.P.] Is A violation of A Const. [Right to due Process] Violation of open court provision 7X-BONE Grant Has A substantive Right As A matter of Law] to Reopen this Case]

* this motion Is Seeking this court to set Aside this Judment this date
608 F2d 317 - 902 F2d 617

* the Plaintiff moves this court to Amend Its Decision] A court Action to
* Now Correct this substantive Error] of fact] And Law] where case dismissed Sua Sponte For defendants] without First] observing the courts
* duty to uphold 28 USC 1915(d) No Finding of Fact of good Cause] No court Analis] shows Abuse of discretion] cited 900 F 2d 104] Case can not be dismissed
* Correcting A manefest Error of Law] And Fact] Fed Rule Civ Pro 59(e) by Law
Plaintiff Has met his Burden of proof of material misrepresentation] As Alleged *
28 C.F.R. 142 Provides for Purpose of this provision of sec [2672] As filed Oct 12 01] title 28 United States Code] A standard Form 95.] was Filed] with written Notification of Incident 28 USC 1346] Against Dabrowski Bankr Court] BMVE Claim for money damages sum Certain] 28 million] It Shall have been Presented When Federal Agency] Received From claimant] (via) I.F.P. 28 USCA [1915(d)]
* based on the clerk And U.S. Marshal Failure to Effect Proper Service of Process] And the fixed Perpose to conceal Administrative Claim] Not Served] due to fraud Acts A defense 28 USC (2401(b) the two year limitation Period] Has Not begin to Run]
* this court takes Judicial Notice] In the Interest of Justice for Plaintiff

(13)

the court clerk action (4) alleged did rise to cover intentional concealment] misrepresentation of plaintiff cause of action] as alleged proved the District Court is compelled to act] and take judicial notice 28 CFR 14.2-[2672] of title 28] as afforded because the regulation] specifies terms upon which the government has consented to be sued the courts have held that compliance is necessary] 443 F2d 1047] 3rd Cir 1971] Jurisdictional [588 F2d 1209] by law the court is notified in full of the existence standard form 95] for damages the claim has been presented] but for fraud] by clerk- and U.S. Marshals the defendants Dabrawski and Bine] D.A. K. Occorner] Atty Gen office Had the requisite knowledge] has either denied this claim] or failed to act on it] within six month] of its submission] by their own acts] the provisions of section [2672] direct each fed agency] to establish a mechanism for resolving tort claim] and authorizing the Agency and the U.S. Attorney General] to settle and pay them] this claim 28 million filed the Gov. illegality the clerk- K. Rowe, and U.S Marshal disregard of Fed Rules of Civ Proc Rule (4)(5) 28 USCA 1915] allow waiver of the Sovereign Immunity provided under F.T.C.A.] or extend statute of limitations 28 USCA 240 (b) Scott, V. United States] 185 F.R.D 202] FR Serv 3d 418 the 14th Amend due process] clause to insure that the state and federal substantive right created by the (I.F.P.) 28 USC 1915 (b)] is not arbitrarily abrogated by the chief clerk K. Rowe and U.S. Marshal as alleged by fraud the District Court is to order] complete service of process] sought now] by law pursuant to 28 USCS 1448] authorizes this service of process as being the orginal service of process] afforded by the (I.F.P.) granted by the court in N.H. 2672] 15.2 [expeditious delivery of process] and pleadings] claim for sum certain

there ARE extraordinary (5) circumstances to justify mandamus relief, citing 733 F2d 10 (2d Cir) 1954.

28 USC 1361 mandamus may issue against an officer of the United States the Clerk] And U.S. Marshal. Only when the plaintiff [X-Grant] has a clear right] to relief. the (I.F.P.) granted by the court Oct 12 01 at New Haven the officer of the court has a clear duty] to perform his duties] to effectuate service of process] upon the United States] Atty-Gen.
* the Director of the tort branch] pursuant to [2672] claim to be filed the plaintiff has no adequate remedy] Alleged 695 F2d 309]
* Mandamus relief in aid of direct pending action] Clerk And the U.S. Marshal to serve summon] And complaint] claim for damages as originally filed with standard form 95] sum certain]
* A public duty created by (I.F.P.) 28 USC 1915(d) And intentionally contravened by official of the U.S. District Court] to directly] cause injury to plaintiff.
* Fed. R. Civ. P. 4(C)(2) dove tails with 1915(C) by providing the court must appoint a U.S. marshal to serve] plaintiff process] when authorized to proceed in forma pauperis 28 USC 1915] the defendants] Named in the complaint
* the plaintiff has demonstrated good cause for failure to timely serve defendants Clerk failed to issue summons And failed to appoint U.S. Marshal to serve the Dept of Justice Atty-Gen. tort Branch Dir. As Named in the complaint the Clerk And U.S. Marshal clearly] derelict in duty owed to plaintiff alleged plaintiff (I.F.P.) cannot be culpable for failure serve] 960 F2d 35] plaintiff
* should not be penalized for the Clerk fault] by misrepresentation] No fault of the plaintiff [828 F2d 1107] Court dismissed case sua sponta in error
28 USC 1361 this action is addressed to District Court Action is being Returned

U.S Dept. of Justice Attorney General.

Dir. tort Branch manger civil division

Dir. of Administrative office of U.S. Courts, Notified 9,12 01. Administrative Claim filed by Tyrone Grant, but for obstruction of Justice] by chief clerk K. Rowe of District Court At New Haven Alleged who Intentionally Impaired this Prompt fair And Efficient Resolution of this claim] 28 USC 2672] the Clerk Acts of mis Representation] fraud. Improper Purpose. 28 USC 2401] the Appropriate Agency would have Received this Claim for sum Certain Standard 95 form] for purpose of the provisions of 28 USC 2401(b) 2672 And 2675] this claim shall be deemed to have been Presented An executed standard form 95 And written notification of Incident Accompanied by A Claim for money damages] In sum Certain 28 million] tort committed by A. Dabrowski. Bankr Judge J. Blue Superior Court Judge civil conspiracy to deny] 950,000.00 Judgement constituting Compensatory Bias. Sufficiently Immediately to constitute Personal Injury to Tyrone Grant 191 Whalley Ave suite 191 New Haven Ct ✱ A copy of this memorandum Is sent to the Dir. F.T.C. Staff. torts ✱ Branch of the civil division of the Dept of Justice] by Tyrone Grant, the chief Clerk. And U.S. Marshal have denied this Administrative Claim thus violating Ty-Grant Rights] granted by the Informa Pauperis]✱

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APP'l OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency: Dept of Justice Dir. of tort Branch U.S. Attorney. Gen. Washington D.C. 20530

2. Name, Address of claimant and claimant's personal represent. any. (See instructions on reverse.) (Number, Street, City, State, Code) Tyrone Grant 191 Whalley Ave Suite 191 New Haven Ct 06511

3. TYPE OF EMPLOYMENT
□ MILITARY □ CIVILIAN

4. DATE OF BIRTH

5. MARITAL STATUS -Select-

6. DATE AND DAY OF ACCIDENT -Select Day-

7. TIME (A.M. OR P.M.)

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

U.S. Bankr. Court. 157 Church St New Haven Ct. 1995] As Per Dabrowski 950,000.00 debt Nondischargeable] In Error Negligence] discharged Dabrowski Failed to Excute A Statute 523 A(6) – Bankract 17A(2) sec 35 A(6) State Action Alleged.

9. Comision of tort Alleged     PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

loss of 950,000.00] Protected Judgment by the Constitution]

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Dabrowski And Bine defendants, Knew should have Known the Action they took, were violating Ty-Grant Constitutional Rights And both defendants took Negligent Action with malicious Intent to cause A deprivation of A Protected Consti Right,

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
|  |  |

12. (See instructions on reverse.)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
|  |  |  | 28. million. $0.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) [signature]

13b. Phone number of person signing form 203-[redacted]

14. DATE OF SIGNATURE 9/[redacted]/01

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109     NSN 7540-00-634-4046     STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTIC 28 CFR 14.2

Standard Form 1145
(Revised 1/92)
Department of the Treasury
1 TFM 4-2000

**VOUCHER FOR PAYMENT
UNDER FEDERAL TORT CLAIMS ACT**

Voucher No. _____

Schedule No. _____

Claim No. _____

PAID BY

U.S. _Dept of Justice D.R. tort Branch. Civil Division_
(Department, bureau, or establishment)

Voucher prepared at _____
(Give place and date)

The United States, Dr.,

To _____
(Payee(s))

Address _____

Amount claimed, $ _____   Date claim accrued _____, 19 ___

Amount of award, compromise, or settlement - _____ $ ___
BRIEF DESCRIPTION OF CLAIM (See attachments for further explanation in detail.)

_Tyrone Grant 191 Whalley Ave Suite 151 New Haven Ct 06511_

ACCEPTANCE BY CLAIMANT(S)

I, (We), the claimant(s) and beneficiaries, do hereby accept the within-stated award, compromise, or settlement as final and conclusive on me (us), on my (our) heirs, executors, administrators or assigns, and agree that said acceptance constitutes a complete release by me (us), on my (our) heirs, executors, administrators or assigns of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen and bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the claim for which I (we) or my (our) heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States and against the employee(s) of the Government whose act or omission gave rise to the claim by reason of the same subject matter, including any future claim for the wrongful death of me (us). I (We) further agree to reimburse, indemnify, and hold harmless the United States, its agents, servants and employees from any and all claims or causes of action, including wrongful deaths, that arise or may arise from the acts or omissions that gave rise to the claim by reason of the same subject matter.

Date _9_ _12_ , 19 _01_         SIGN ORIGINAL ONLY         _[signature]_ (Claimant)

_____ (Claimant)

| This claim has been fully examined in accordance with the provisions of the Federal Tort Claims Act (28 U.S.C. 2672), and is approved in the<br><br>amount of $ _____ | Pursuant to the authority vested in me, I certify that this voucher is correct and proper for payment in the<br><br>amount of $ _____ |
|---|---|
| (Head of Federal agency, or authorized designee) | (Authorized certifying officer) |
| Date _____, 19 ___<br>SIGN ORIGINAL ONLY   Title _____ | Date _____, 19 ___<br>SIGN ORIGINAL ONLY   Title _____ |

ACCOUNTING CLASSIFICATION

Paid by Check No. _____

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

No

**16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

☐ Yes   Full Coverage ☐
☒ No    Deductible ☐

**17. If deductible, state amount.**

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts.)

No

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF Tyrone Grant | COURT CASE NUMBER |
|---|---|
| DEFENDANT A. Dabrowski | TYPE OF PROCESS |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Director of Torts Branch Civil Div Dept of Justice
**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) 10th Constitution Ave
U.S. Attorney Gen. Office Washington D.C. 20530

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:
Tyrone Grant 191 Whalley Ave
Suit #81 New Haven Ct 06511

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Signature: Tyrone Grant Pro Se Plaintiff
☑ PLAINTIFF   ☐ DEFENDANT
TELEPHONE NUMBER 485-3664
DATE 9/30/02

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

REMARKS:

**PRIOR EDITIONS MAY BE USED**   2. USMS RECORD   FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

Abraham A. Ribicoff Federal Building
450 Main Street, Room 328
Hartford, Connecticut 06103

(860) 947-1101
Fax (860) 240-3291
www.usdoj.gov/usao/ct

September 25, 2003

Hon. Roseann B. MacKechnie
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Foley Square
40 Centre Street, Room 1802
New York, NY 10007

[UNITED STATES COURT OF APPEALS FILED SEP 30 2003 SECOND CIRCUIT stamp]

Re:  **Grant v. Dabrowski**
     Docket No. 03-7147

Dear Ms. MacKechnie:

I am writing on behalf of the Honorable Albert S. Dabrowski, Chief Judge of the United States Bankruptcy Court, District of Connecticut, who has been named as a defendant-appellee in the above-captioned appeal brought by *pro se* plaintiff-appellant Tyrone Grant.

Chief Judge Dabrowski and the Honorable Jon C. Blue of the Connecticut Superior Court were named as defendants in *Grant v. Dabrowski,* Civil No. 3:02CV1270(DJS), plaintiff's suit in the United States District Court, District of Connecticut. Chief Judge Dabrowski was not properly served in that matter, and an appearance on his behalf had not been filed by December 11, 2002, the date on which United States District Judge Dominic J. Squatrito granted Judge Blue's motion to dismiss the suit. In granting the motion, the district court also dismissed Chief Judge Dabrowski *sua sponte.* Judgment for the defendants entered on the docket on December 18, 2002.

Unknown to either Chief Judge Dabrowski or our office, the plaintiff filed a notice of appeal in the district court on January 31, 2003. Neither Chief Judge Dabrowski nor the United States Attorney's Office was served with a copy of the notice of appeal. Approximately ten days ago, our office learned for the first time of the pendency of the appeal when it received a service copy of the plaintiff's motion for reconsideration of this Court's granting of a motion for enlargement of time that had been filed by the Connecticut Attorney General's Office on behalf of Judge Blue. In response to my recent request for the plaintiff's and Judge Blue's appellate briefs, AAG Maureen Regula of the Connecticut Attorney General's Office graciously provided the filings to me.

*[handwritten:] this IS A matter of Public Interest CGSA 52-265(A) on Appeal*
*[handwritten:] this (I.F.P.) Granted Claim filed As Required 240(b) (but) Concealed*

## Certification

U.S. Court of Appeals 40 foley sq NY NY

U.S. District Court 450 main st Hartford ct

U.S. Attorney Gen. Dept of Justice Dir. tort Branch. [the Dir]
Administrative office U.S. Courts  fed Agent (2672)
Washington DC 20530    Leonidas R. Mecham.

the CONN State Atty-Gen. 55 Elm st Hartford Ct. R. Blumenthol
J. Blue

U.S. D.A. 157 Church st 23 Fl K. O'Conner. ADAbrawski
New Haven Ct 06511

*Certificate of service Tyron P Junt Prose
191 Whalley Ave Suit 181 New Haven Ct 06511

Tyrone Grant NACC 10972-7 - 245 Whalley Ave
Sincerly I Remain $24.06  Tyron P Junt